IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW PHILLIPS,

                                                             ORDER

                    Plaintiff,

                                                       08-cv-0362-bbc

      v.

DR. CHARLES LARSON[1], BELINDA SCHRUBBE,
JAMES GREER, DR. DAVID BURNETT,
SERGEANT LEHMAN,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated July 30, 2008, I screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A. I concluded that plaintiff could proceed against defendants Larson and Schrubbe on his claim that these defendants were deliberately indifferent to his serious medical needs. However, I dismissed plaintiff's claims against defendants Elsa Horn and William McCreedy, because his allegations revealed that these defendants took affirmative

---

[1] In plaintiff's supplemental complaint, plaintiff points out that defendant Dr. Charles Larson was incorrectly identified in his original complaint as "Dr. Charles Larsen." The proper spelling of defendant Larson's name has been noted in the caption of this order.

1

action to address his medical needs and therefore, no inference could be drawn that they violated his Eighth Amendment rights. Unfortunately, plaintiff's bringing of a legally meritless claim against Horn and McCreedy earned him a strike under 28 U.S.C. § 1915(g), which was recorded in the July 30 order. With respect to defendants Lehman, Greer and Burnett, I stayed a decision whether plaintiff could proceed against them because his allegations were too sparse to allow a determination to be made whether they were deliberately indifferent to his need for pain medication. I asked plaintiff to supplement his complaint to provide more details about his interactions with these individuals.

Now, plaintiff has filed a document dated August 6, 2008 titled "Supplemental Complaint Pursuant to Judge Crabb's July 30, 2008 Opinion and Order," and a document dated August 13, 2008 titled "Motion for Reconsideration for Dismissing Defendants McCreedy and Horn and for Imposing a Strike for Their Dismissal."

Beginning with the motion for reconsideration, I conclude that plaintiff has provided no new factual information or legal authority suggesting why it was legal error to dismiss McCreedy and Horn from this lawsuit. Moreover, plaintiff's argument is unavailing that he should not have received a strike because he paid the filing fee when he submitted his complaint and, therefore, is not subject to § 1915(g). 28 U.S.C. § 1915A requires district courts to screen a prisoner's complaint "regardless of the prisoner litigant's fee status." Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999). Section 1915A(b) directs district courts to

2

dismiss the complaint or any portion of it that is frivolous or malicious or fails to state a claim upon which relief may be granted.  Section 1915(g) requires a strike to be recorded whenever a prisoner brings an action or appeal that is dismissed on these grounds.  It does not distinguish between paying and non-paying prisoners.  Therefore, it was not error to impose a strike against plaintiff when I dismissed his claims against McCreedy and Horn for his failure to state a claim upon which relief may be granted.  Because plaintiff's motion for reconsideration fails to present any argument meriting alteration of the July 30 order, the motion will be denied.

I turn then to plaintiff's "Supplemental Complaint Pursuant to Judge Crabb's July 30, 2008 Opinion and Order."  As an initial matter, I note that plaintiff has asked to dismiss voluntarily defendants James Greer and David Burnett.  Pursuant to Fed. R. Civ. P. 41(a), at this early stage of the proceedings plaintiff is free to withdraw his claims against any of the defendants without prejudice to his refiling his claims at a later time.  Therefore, defendants Greer and Burnett will be dismissed from this lawsuit.

Plaintiff does wish to pursue his claim against defendant Lehman, however.  In response to the court's invitation, he has supplemented his complaint with the following allegations of fact:

> On May 3, 2008, defendant Sergeant Lehman deliberately refused to give plaintiff his pain medication despite the fact that plaintiff requested it at the proper time and in the proper place.  Lehman knew about plaintiffs pain

3

>      and need for medication because he had dispensed the medication to plaintiff
>      on previous occasions and had observed plaintiff limping or bent over in pain
>      when plaintiff came for his medication.  In addition, defendant was aware of
>      plaintiff's medical condition because on a number of previous occasions
>      Lehman had made phone calls requesting rides for the plaintiff to get around
>      the prison.  These rides were only authorized for prisoners with serious
>      medical problems.

These allegations are sufficient to allow an inference to be drawn that defendant Lehman was aware of plaintiff's need for pain medication and that he deprived plaintiff of it without regard for the additional pain plaintiff would endure.  Therefore, plaintiff will be allowed to proceed on his claim that defendant Lehman deprived him of his Eighth Amendment rights.

Two additional matters require attention.  First, although the July 30 order did not fully determine against which defendants plaintiff would be proceeding, the clerk forwarded plaintiff's complaint, without the supplement required by the order, to the Attorney General for informal service of process on all of the defendants except defendants Horn and McCreedy, who had been dismissed.  Pursuant to the informal service agreement, the Attorney General has now advised the court that it has accepted service on behalf of defendants Lehman, Larsen, Schrubbe, Greer and Burnett.  Nevertheless, because the complaint that was forwarded to the Attorney General was incomplete and thus did not constitute the operative pleading in this action, I am requesting that the complaint, as supplemented by plaintiff's "Supplemental Complaint Pursuant to Judge Crabb's July 30, 2008 Opinion and Order" (Dkt. #4), together with a copy of the July 30 order and this

4

order, be forwarded to the office of the Attorney General pursuant to the informal service agreement so that when defendants file their answer, they may respond to the complete complaint.

Second, on August 11, 2008, plaintiff filed a motion to stay this case on the belief that he had been scheduled for surgery that would render him unable to continue to prosecute this lawsuit for at least 120 days.  See Dkt. #5.  Subsequently, on August 12, 2008, plaintiff asked the court to ignore the motion because he had discovered that he would not be scheduled for surgery.  Therefore, plaintiff's motion to stay the case will be denied as moot.

## ORDER

IT IS ORDERED that:

1.  Plaintiff Andrew Phillips is GRANTED leave to proceed on his claim that defendant Sergeant Lehman was deliberately indifferent to his serious medical needs when he denied plaintiff his pain medication on May 3, 2008.  Plaintiff's complaint as supplemented by Dkt. #4 will be sent to the Attorney General's office, together with a copy of this order and the order of July 30, 2008, in accordance with an informal service agreement between this court and the Attorney General's office.

2.  Plaintiff's request to dismiss voluntarily defendants James Greer and David Burnett from this lawsuit is GRANTED and these defendants are DISMISSED without

prejudice.

3. Plaintiff's motion to stay this action (Dkt. #5) is DENIED as moot.

4. Plaintiff's "Motion for Reconsideration for Dismissing Defendants McCreedy and Horn and for Imposing a Strike for their Dismissal" (Dkt. #9) is DENIED.

Entered this 27th day of August, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

6