IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW PHILLIPS,

                                                    OPINION AND ORDER

                      Plaintiff,

                                                    08-cv-0362-bbc

            v.

DR. CHARLES LARSON, BELINDA SCHRUBBE
and SERGEANT LEHMAN,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this action for monetary relief brought under 42 U.S.C. § 1983, plaintiff Andrew

Phillips, a prisoner housed at the Kettle Moraine Correctional Institution, contends that

defendants Dr. Charles Larson, Belinda Schrubbe and Sergeant Lehman violated his Eighth

Amendment rights by failing to provide adequate medical care for his severe back pain.  Now

plaintiff has filed a motion "for a temporary restraining order and/or a preliminary

injunction," which I construe as a motion for a preliminary injunction pursuant to Fed. R.

Civ. P. 65(a).  In response to plaintiff's motion, defendant Lehman has filed a motion for

an extension of time to file his response.  I will address plaintiff's motion first.

      Plaintiff's request for a preliminary injunction is focused solely on defendant Sergeant

1

Lehman.  Therefore I will refer to Lehman as "defendant" throughout this opinion.  In this court's August 27, 2008 screening order, I granted plaintiff leave to proceed on his claim that defendant violated his Eighth Amendment rights by deliberately refusing to give plaintiff his pain medications.  In support of his motion for a preliminary injunction, plaintiff avers that he suffers from excruciating pain from spinal injures and can barely walk.  He avers that defendant is failing to make timely arrangements for plaintiff's prescribed rides to the Health Services Unit for methadone treatment, that upon plaintiff's return from the Health Services Unit, defendant is continuing to deny plaintiff his pain medications and that in retaliation for plaintiff filing this case against him, defendant is issuing false conduct reports alleging that plaintiff is late for medicine call.  Plaintiff requests an injunction requiring defendant to make timely arrangements for his rides to the Health Services Unit, to provide him with his pain medications and to stop retaliating against him by filing false conduct reports.

I conclude that plaintiff's claim of retaliation is not properly raised on a motion for a preliminary injunction in this case.  In situations in which a plaintiff alleges that the defendants have retaliated against him for initiating a lawsuit, it is the policy of this court to require plaintiff to present his claim in a lawsuit separate from the one that is alleged to have provoked the retaliation.  This is to avoid the complication of issues that can result from an accumulation of claims in one action.  The court recognizes an exception to this policy only where it appears that the alleged retaliation would directly, physically impair the

2

plaintiff's ability to prosecute his lawsuit.   In this case, the retaliatory action plaintiff describes is not the sort that would hamper plaintiff's ability to prosecute this lawsuit. Therefore, I will deny plaintiff's motion for a preliminary injunction regarding plaintiff's retaliation claim.

Turning to plaintiff's request for an injunction requiring defendant to make timely arrangements for his rides to the Health Services Unit and to provide him with his pain medications,   I will set a deadline for briefing the motion, but not before discussing plaintiff's submissions related to this motion.   In addition to his motion, plaintiff has submitted a brief and an affidavit detailing the factual basis for his request.  This court's "Procedure to be Followed on Motions for Injunctive Relief in Cases Assigned to Judge Barbara B. Crabb" requires that a party moving for injunctive relief submit a statement of proposed facts consisting of numbered paragraphs limited as far as practicable to statements of single factual propositions and containing citations to evidence in the record supporting those statements.   Plaintiff has not filed a separate document containing a statement of proposed facts.  Instead he has submitted an affidavit made up of numbered paragraphs that for the most part are limited to statements of single factual propositions.  Because this affidavit is the only evidentiary material submitted by plaintiff, I assume that had he submitted a separate statement of proposed facts, it would contain virtually identical numbered statements.  Therefore, I will treat plaintiff's affidavit as including his statement

3

of proposed facts.  In light of this treatment, I conclude that plaintiff's submissions substantially comply with this court's procedure and I will set a deadline for defendant's response.

I note a couple of points regarding defendant's response.  First, because I am denying plaintiff's motion to the extent he is seeking relief from retaliatory false conduct reports, defendant need not respond to the second half of paragraph 7, or to paragraphs 8 and 10, all of which concern defendant's issuance of allegedly retaliatory false conduct reports.  He should respond to the remainder of the statement of proposed facts.

Second, defendant asks for an extension of time to November 25, 2008, to file his response to plaintiff's motion.  Counsel for defendant states he believed the court would issue a briefing schedule for the response, but realized on November 18 that this court's procedure to be followed on motions for injunctive relief sets a one-week deadline by which a responding party must respond.  Defendant should be aware that I do not consider his response to be late at this time, because Section III.A. of this court's procedure states that the opposing party must submit a response "[w]hen a motion and supporting materials and brief have been served and filed *in compliance* with" the requirements discussed above for the moving party's submissions.  Because it was not readily apparent whether plaintiff's submissions complied with this court's procedure, it was not error for defendant to await some indication from this court whether he was to file a response.  This order resolves that

4

question.  Therefore I will grant defendant's motion and give him until November 27, 2008, to file his response to plaintiff's motion.  Moreover, although it appears certain that defense counsel has access to a copy of this court's procedure relating to motions for injunctive relief, presumably from the court's website, plaintiff may not have similar access.  Therefore, a copy of the procedure is being sent to him with a copy of this order.

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew Phillips's motion for a preliminary injunction (Dkt. #16) is DENIED to the extent that he is seeking relief from retaliatory false conduct reports.

2. Defendant Lehman's motion for an extension of time to file a response to the remainder of plaintiff's motion for a preliminary injunction (Dkt. #21) is GRANTED. Defendant has until November 27, 2008, in which to file his response.

Entered this 21st day of November, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge