IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW PHILLIPS,

                                                            ORDER

                  Plaintiff,

                                                08-cv-362-bbc

     v.

DR. CHARLES LARSON, BELINDA SCHRUBBE
and SERGEANT LEHMAN,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this action for monetary relief brought under 42 U.S.C. § 1983, plaintiff Andrew Phillips, a prisoner housed at the Kettle Moraine Correctional Institution, contends that defendants Dr. Charles Larson, Belinda Schrubbe and Sergeant Lehman violated his Eighth Amendment rights by failing to provide adequate medical care for his severe back pain. In a November 21, 2008 order, I addressed plaintiff's motion for a preliminary injunction against defendant Lehman, denying the motion to the extent plaintiff sought relief from retaliatory false conduct reports but allowing the motion to proceed regarding his request for an injunction requiring defendant to make timely arrangements for his rides to the Health Services Unit and to provide him with his pain medication. I gave defendants until

1

November 27, 2008, in which to file his materials in response.

Since issuance of that order, the parties have submitted several filings that have complicated the preliminary injunction proceedings. On November 26, 2008, defendants filed a brief in opposition to the motion for preliminary injunction, a response to plaintiff's proposed findings of fact, defendants' own proposed findings of fact and affidavits from defendant Lehman and William McCreedy, the Health Services Unit manager at the Kettle Moraine Correctional Institution, along with attached exhibits. However, defendant Lehman's affidavit was unsigned.

On December 2, 2008, plaintiff filed two motions that appear to be at cross-purposes. The first was a motion to voluntarily dismiss the case without prejudice, because the inmate who has been assisting plaintiff with research and preparation of his legal materials will no longer be available, and because plaintiff himself will be having back surgery in January 2009, preventing him from litigating the case. In the second motion, plaintiff asks the court to allow the preliminary injunction proceedings to continue to their conclusion, a request that seems at odds with his motion for voluntary dismissal.

On December 3, 2008, defendants filed a response to plaintiff's motion to dismiss his case, stating that they do not oppose dismissal without prejudice. On December 4, 2008, plaintiff filed a letter in which he tried to supplement his motion for a preliminary injunction with new allegations regarding additional dates on which defendant Lehman denied him his

2

medication. However, the assertions in this letter are unsworn and thus not acceptable as evidence. Finally, on December 4, 2008, defendants filed a motion to withdraw the unsigned affidavit of defendant Lehman and asked instead for this court to hold a hearing "to allow [plaintiff] to explain what he wants to do with his case and for the defendants to fairly meet the factual contentions raised for the first time in his December 2, 2008 letter to the court."

I conclude that the issues pending in this case can be resolved without holding a hearing. First, plaintiff must decide whether he wants to proceed with his case. He should be aware that this court is not going to allow him to dismiss the case without prejudice once it has ruled on his preliminary injunction motion. Plaintiff has two choices: he can agree to proceed with this action, in which case the court will move ahead with the preliminary injunction proceedings and any later dismissal will be with prejudice, or he can agree to dismiss the case without prejudice, which would mean the end of the entire litigation, including the preliminary injunction proceedings. I will give plaintiff until December 15, 2008, in which to inform the court of his choice. If he does not respond by December 15, I will assume that he wishes to have the case dismissed and I will direct the clerk of court to close the file without prejudice to his filing his case at a later date. If plaintiff wishes to continue this litigation, he must advise the court in writing by December 15, 2008.

If plaintiff decides to proceed and wants the factual assertions made in his December

3

2, 2008 letter to be considered in the preliminary injunction proceedings, he will have to resubmit those assertions in the form of an affidavit to conform with this court's "Procedure to be Followed on Motions for Injunctive Relief," a copy of which plaintiff received along with the court's November 21, 2008 order. This means plaintiff should submit a supplemental statement of proposed facts consisting of numbered paragraphs limited as far as practicable to statements of single factual propositions and containing citations to evidence in the record supporting those statements. These supplemental proposed facts should be filed at the same time he informs the court that he wishes to proceed with this case.

Moving on to defendants' submissions, because I have concluded that the issues before the court can be resolved without a hearing, I will deny defendants' motion for a hearing. However, I will grant defendants' motion to withdraw the affidavit of defendant Lehman. Should plaintiff inform the court that he wishes to proceed with this case, defendants will have until December 22, 2008, in which to file (1) a response to plaintiff's supplemental proposed facts and (2) any corrected affidavits they wish to submit in support of their position. At that point the court will rule on plaintiff's motion for a preliminary injunction.

4

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew Phillips's motion to voluntarily dismiss this case (Dkt. #32) is STAYED. Plaintiff has until December 15, 2008, in which to inform the court and defendants whether he wants to proceed with his case. If he does not respond by December 15, I will assume that he wishes to have the case dismissed and the clerk of court is directed to enter judgment dismissing the case without prejudice to plaintiff filing his case at a later date.

2. Should plaintiff choose to proceed with the case, he may have until December 15, 2008, in which to file a supplemental proposed findings of fact and any evidentiary materials required to support the supplemental facts.

3. Plaintiff's motion to continue with the preliminary injunction proceedings (Dkt. #34) is DENIED as unnecessary.

4. Defendants' motion for a hearing (Dkt. #37) is DENIED.

5. Defendants' motion to withdraw the affidavit of defendant Lehman (also Dkt. #37) is GRANTED. Should plaintiff inform the court that he wishes to proceed with this case, defendants will have until December 22, 2008, in which to file (1) a response to

5

plaintiff's supplemental proposed facts and (2) any evidentiary materials necessary to support the response.

Entered this 8th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge