IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW PHILLIPS,

                                                                   ORDER

                Plaintiff,

                                                                   08-cv-362-bbc

    v.

DR. CHARLES LARSON, BELINDA SCHRUBBE
and SERGEANT LEHMAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this action for monetary relief brought under 42 U.S.C. § 1983, plaintiff Andrew Phillips, a prisoner housed at the Kettle Moraine Correctional Institution, contends that defendants Dr. Charles Larson, Belinda Schrubbe and Sergeant Lehman violated his Eighth Amendment rights by failing to provide adequate medical care for his severe back and leg pain. A briefing schedule has been set on plaintiff's motion for a preliminary injunction, in which he seeks an order directing defendant Lehman to make timely arrangements for his rides to the Health Services Unit and to provide him with his pain medication.

The resolution of plaintiff's motion for a preliminary injunction has been complicated by plaintiff's filing of two motions on December 2, 2008, that appeared to be at cross-

1

purposes. The first was a motion to voluntarily dismiss the case without prejudice, because the inmate who had been assisting plaintiff with research and preparation of his legal materials would no longer be available, and because plaintiff himself was scheduled to have back surgery in January 2009, which would prevent him from litigating the case. In the second motion, plaintiff asked the court to allow the preliminary injunction proceedings to continue to their conclusion. On December 4, 2008, plaintiff filed a letter in which he sought to supplement his motion for a preliminary injunction with new allegations regarding additional dates on which defendant Lehman denied him his medication. However, the assertions in this letter were unsworn and thus not acceptable as evidence.

In an order dated December 8, 2008, I stayed a decision on plaintiff's motion to voluntarily dismiss his case and gave him until December 15, 2008, in which to choose whether he wanted to (1) proceed with this action, in which case the court would move ahead with the preliminary injunction proceedings and any later dismissal would be with prejudice, or (2) agree to dismiss the case without prejudice, which would mean the end of the entire litigation, including the preliminary injunction proceedings. I told plaintiff that if he decided to proceed with his case and wanted the factual assertions made in his December 4, 2008 letter to be considered in the preliminary injunction proceedings, he would have to resubmit those assertions in the form of an affidavit to conform with this court's "Procedure to be Followed on Motions for Injunctive Relief."

In response to that order, plaintiff has filed a motion for appointment of counsel in which he states, "If the Court Appoints me Counsel I would Preceed [sic] with this 42 USC §1983 Action." In addition, he has supplemented his motion for a preliminary injunction with an affidavit to which he attaches copies of two complaints he filed at the prison regarding two dates he allegedly did not receive his pain medication, May 3, 2008, and October 6, 2008. Because it appears that plaintiff's decision whether to proceed in this case hinges on whether he receives appointed counsel, I will address his motion for appointment of counsel first.

As a civil litigant, plaintiff has neither a constitutional nor statutory right to counsel, Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997), but "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In the present case, it appears that plaintiff can afford counsel. Plaintiff paid the $350 filing fee in this case and is not proceeding in forma pauperis. In addition, in his motion he states that he has been unable to obtain counsel (he includes letters from ten lawyers or firms he has asked to represent him in this case and who have turned him down) even though he has offered a $5000 retainer and can pay up to $1200 a month to counsel.

In any event, even if plaintiff had shown he was indigent, I would deny his motion for appointment of counsel. In resolving a motion for appointment of counsel, a district court must consider both the complexity of the case and the pro se plaintiff's ability to

3

litigate it himself. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has failed to show that he has any limitations that would interfere with his ability to represent himself in this matter. In his motion, plaintiff states he should be appointed counsel because the inmate who has done all of the legal work for him so far will no longer be available, plaintiff has no legal training, and although he has access to the prison law library, he suffers from debilitating back and leg pain, making him unable to work on his case. In particular, plaintiff states he cannot spend more than 15-20 minutes at a time sitting in a hard chair at prison computers performing legal research.

Plaintiff's lack of legal knowledge is not a good reason to appoint counsel. This handicap is an almost universal one among pro se litigants. Likewise, neither the unavailability of the inmate who assisted plaintiff with this case in the past nor plaintiff's assertions that his back and leg pain make him unable to litigate the case are good reasons to conclude plaintiff cannot litigate the case himself. Plaintiff's submissions to this court have been coherent and responsive to what has been asked of him by the court, making appointment of counsel appear unnecessary. If plaintiff has contributed nothing to these submissions, there is nothing left in the record to gauge his ability to litigate the case other than his assertions that he cannot. Assertions only are not enough to justify an appointment of counsel. If plaintiff no longer has assistance from the inmate who has helped him prepare his submissions in this case, he can seek such help from another inmate or from the prison's

4

law library. With regard to plaintiff's difficulty sitting for long periods of time performing legal research, this court has already directed his attention to the law governing his claims in its July 30, 2008 and August 27, 2008 orders.

Moreover, this court instructs pro se litigants at a preliminary pretrial conference how to use discovery techniques available to all litigants so that they can gather the evidence needed to prove their claims. In addition, pro se litigants are provided a copy of this court's procedures for filing or opposing dispositive motions and for calling witnesses, both of which were written for the very purpose of helping them understand how these matters work. The pretrial conference was held in this case on September 4, 2008.

Nothing in the record suggests that this case is particularly factually or legally difficult. Plaintiff's claim is a straightforward Eighth Amendment claim that defendants were deliberately indifferent to his serious medical need. The law governing claims of denial of medical care was explained to plaintiff in its screening orders. Furthermore, plaintiff has personal knowledge of the circumstances surrounding his health care needs and lack of treatment and he should already possess or be able to obtain through discovery relevant documentation he needs to prove his claim. In sum, at this time I can conceive of no reason why plaintiff cannot prosecute this claim on his own.

Because it appears from plaintiff's response to this court's December 8, 2008 order that he wants to proceed with this case if he is appointed counsel, and I am denying his

5

request, I will grant his previously stayed motion to voluntarily dismiss his case without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew Phillips's motion for appointment of counsel (Dkt. #39) is DENIED.

2. Plaintiff's motion to voluntarily dismiss this case (Dkt. #32) is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE to plaintiff's refiling it at some later date. The clerk of court is directed to close this case.

Entered this 18th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge